# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE HABCHI,<br><br>        Plaintiff,<br>v.<br><br>WASHINGTON MUTUAL BANK FA (WAMU), CALIFORNIA RECONVEYANCE CO, JP MORGAN CHASE BANK, NATIONAL ASSOCIATION and DOES 1 THROUGH 100, INCLUSIVE,<br><br>        Defendants. | Case No. 13cv2140 BTM(DHB)<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

  Defendants JPMorgan Chase Bank, N.A. ("Chase"), as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank, and California Reconveyance Company ("CRC") have filed a motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim. For the reasons discussed below, Defendants' motion is **GRANTED**.

## I. BACKGROUND

  On or about September 7, 2007, Plaintiff Marie Habchi ("Plaintiff") obtained a loan from Washington Mutual Bank ("WaMu") in the amount of

1  $1,466,500.00. The loan was secured by a Deed of Trust (Defendants'
2  Request for Judicial Notice (RJN), Ex. 1) on the property located at 17577
3  Rancho Del Rio, Rancho Santa Fe, CA 92067 ("Property). The Deed of Trust
4  identifies Washington Mutual as the lender and beneficiary and CRC as the
5  trustee.[1]

6  In September 2008, pursuant to a Purchase and Assumption Agreement
7  (RJN, Ex. 2.), Chase acquired certain assets and liabilities of WaMu from the
8  FDIC acting as receiver for WaMu, including WaMu's interest in Plaintiff's loan.

9  Notices of Default and Election to Sell Under Deed of Trust were
10 recorded by CRC on March 15, 2010 and April 13, 2010. (Ex. B to FAC)
11 Notices of Trustee's Sale were recorded by CRC on July 16, 2010, December
12 20, 2010, February 11, 2013, and July 30, 2013. (RJN, Exs. 4-7.)

13 On August 13, 2013, Plaintiff filed her Complaint in the Superior Court of
14 California. On September 12, 2013, Defendants removed the action.

15 In an order filed on December 27, 2013, the Court granted Defendants'
16 motion to dismiss the Complaint for failure to state a claim. However, the Court
17 granted Plaintiff leave to file an amended complaint. On January 14, 2014,
18 Plaintiff filed her FAC.

## II. STANDARD

21 A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)
22 should be granted only where a plaintiff's complaint lacks a "cognizable legal
23 theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v.</u>
24 <u>Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a
25 motion to dismiss, the allegations of material fact in plaintiff's complaint are
26 taken as true and construed in the light most favorable to the plaintiff. See

---

[1] In the FAC, Plaintiff additionally alleges that on or about September 7, 2007, Plaintiff also entered into a second consumer credit transaction with Washington Mutual FSB secured in second position in the amount of $209,500. (FAC ¶ 29.)

Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

### III.  DISCUSSION

Defendants move to dismiss the FAC in its entirety for failure to state a claim. The Court agrees that dismissal is warranted.

The FAC asserts the identical claims as the original complaint:  (1) wrongful foreclosure/violation of the California Homeowner Bill of Rights ("CHBR"); (2) negligence; (3) unlawful and unfair acts and practices (Cal. Bus. & Prof. Code § 17200, et seq.); (4) violation of Truth in Lending Act ("TILA"), 15 U.S.C. § 1602, et seq.; (5) violation of Cal. Civ. Code § 2923.5; and (6) declaratory relief.  Although the FAC is longer than the original complaint, Plaintiff has not added substantive allegations that remedy the defects identified in the Court's prior order  [Doc. No. 9]. For the most part, the new allegations consist of conclusory claims regarding how Defendants have breached their duties and violated laws.[2] Because Plaintiff has not remedied

---

[2] In Plaintiff's § 17200 claim, Plaintiff adds allegations that Defendants violated Cal. Civ. Code 2923.53 and 2923.6.  However, these additional statutory citations do not strengthen Plaintiff's claim.  There is no private right of action to sue under section 2923.53, which was repealed by its own terms as of January 1, 2011. See Vuki v. Superior Court, 189

the deficiencies pointed out by the Court, Plaintiff's claims fail to state a claim for the same reasons as set forth in the Court's prior order.

Plaintiff did not file an opposition to Defendants' motion. Therefore, the Court has no basis to conclude that Plaintiff can allege additional facts that can salvage her claims. Accordingly, the Court dismisses Plaintiff's FAC without leave to amend.

### IV.  CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss the FAC is **GRANTED**. Plaintiff's FAC is **DISMISSED** for failure to state a claim. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  March 24, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

Cal. App. 4th 791, 798-99 (2010). Section 2923.6(a) applies only to servicers and parties in a loan pool. Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009). To the extent Plaintiff means to allege "dual tracking" under § 2923.6(c), the court addressed Plaintiff's claim of dual tracking in its prior order. In its prior order, the Court cited to Cal. Civ. Code § 2924.18(b), which contains the same language as 2924.6(c), but applies to "small volume" servicers. Under either § 2924.6(c) or 2924.18(b), the servicer is prohibited from recording a notice of default or notice of trustee's sale while a complete application for a first lien loan modification is pending. As explained in the Court's prior order, Plaintiff has not alleged facts establishing that she submitted a complete application for a first lien modification and that Defendants recorded a notice of default or notice of trustee's sale while the application was pending. Plaintiff's allegation that between December, 2007 and the present, she "unsuccessfully submitted multiple loan modification requests" (FAC ¶ 59) does not reveal whether Plaintiff actually submitted a complete application and if so, whether the application was denied or was pending when a notice of default or notice of sale was recorded.